# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| LUIS J. SOTO, | DOCKET NUMBER |
| Appellant, | NY-0752-23-0059-I-1 |
| v. | |
| UNITED STATES POSTAL SERVICE, | DATE: October 9, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Cindy M. Cruz-Rivera</u>, Carolina, Puerto Rico, for the appellant.

<u>Krista M. Irons</u>, Esquire, St. Louis, Missouri, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed the appellant's removal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The administrative judge correctly found that the Board has jurisdiction over this appeal.</u>

For the first time on review, the appellant primarily argues that the Board lacks jurisdiction over his appeal. Petition for Review (PFR) File, Tab 1. The Board will generally not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence; however, because the appellant's argument implicates the Board's jurisdiction, we will address his claim. *Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016): *Poole v. Department of the Army*, 117 M.S.P.R. 516, ¶ 9 (2012).

A Postal Service employee may file a Board appeal challenging an adverse action taken under 5 U.S.C. chapter 75 only if: (1) he is a preference eligible, a management or supervisory employee, or an employee engaged in personnel work in other than a purely nonconfidential clerical capacity; and (2) he has completed 1 year of continuous service in the same or similar positions. *See Toomey v. U.S. Postal Service*, 71 M.S.P.R. 10, 12 (1996). Here, the administrative judge found that the Board had jurisdiction over the appellant's removal. Initial Appeal File

(IAF), Tab 40, Initial Decision (ID) at 1. On review, the appellant argues that the administrative judge erred in assuming jurisdiction over his appeal. PFR File, Tab 1 at 8-14.

In arguing that the Board lacks jurisdiction over the appeal he filed, the appellant appears to assert that the underlying matter in his appeal is an unfair labor practice (ULP) complaint, which is within the jurisdiction of the Federal Labor Relations Authority (FLRA). PFR File, Tab 1 at 8-17. Specifically, he appears to argue that the agency committed a ULP when it improperly removed him in violation of the collective bargaining agreement (CBA) and failed to advise him of his right to "continue his previous arbitration process or present a new one on the removal," thereby forcing him to appeal to the Board. *Id.* Therefore, he argues that the administrative judge should have dismissed his appeal before holding a hearing on the merits. *Id.*; IAF, Tab 15 at 4-9. We find his arguments unavailing.

The Board has previously explained that the Civil Service Reform Act (CSRA) replaced the prior patchwork system of laws and gave the FLRA authority over some matters but precluded the FLRA from adjudicating others, including removal actions that fall under the Board's authority. *Marshall v. Department of Veterans Affairs*, 106 M.S.P.R. 478, ¶¶ 11-14 (2007). Specifically, it explained that under 5 U.S.C. § 7116(d), "[i]ssues which can properly be raised under an appeals procedure may not be raised [before the FLRA] as unfair labor practices." *Marshall*, 106 M.S.P.R. 478, ¶ 13. As in *Marshall*, the "appeals procedure" relevant to the instant case is provided by the Board, which, under the CSRA, must adjudicate employee appeals from removals. *Id.*; *see also* 5 U.S.C. §§ 7512, 7513(d). Therefore, the propriety of the appellant's removal is properly raised in an appeal filed with the Board and may not be raised as a ULP before the FLRA. *Marshall*, 106 M.S.P.R. 478, ¶ 14; *see Dept. of Commerce v. Federal Labor Relations Authority*, 976 F.2d 882, 888 (4th Cir. 1992).

To the extent that the appellant argues that the agency forced him to proceed in this forum because it failed to advise him of his right to continue his pending grievance or allow him to file a new grievance on his removal in its decision letter, his argument is without merit. PFR File, Tab 1 at 8-14. Generally, an individual affected by a personnel action, such as a removal, that is both appealable to the Board and covered by a negotiated grievance procedure may contest the action before the Board or in a grievance, but not both. 5 U.S.C. § 7121(e)(1); *Anderson v. U.S. Postal Service*, 109 M.S.P.R. 558, ¶ 5 (2008). However, this binding election of remedies does not apply to Postal Service employees with appeal rights, who are entitled to pursue both a grievance and a Board appeal simultaneously. *See Mays v. U.S. Postal Service*, 995 F.2d 1056, 1058 (Fed. Cir. 1993); *Anderson*, 109 M.S.P.R. 558, ¶ 5.

First, the appellant conceded below that the agency advised him of his right to file a grievance in its notice of proposed removal and testified that he did so. ID at 35-36; Hearing Audio, Tab 35-15 (testimony of the appellant); IAF, Tab 8 at 37. The appellant also acknowledges in his petition for review that "he was warned of his right to file a grievance" in the notice of proposed removal, and he filed a grievance. PFR File, Tab 1 at 12. According to the record, the appellant is a preference eligible and had completed more than 1 year of continuous service in his position before his removal. IAF, Tab 8 at 22. Therefore, to the extent that he filed a grievance on his proposed removal, he was not prohibited from filing a Board appeal. Thus, we agree with the administrative judge that the Board has jurisdiction over his appeal.

Accordingly, we deny the petition for review and affirm the initial decision, which sustained the agency's removal decision based on charges of improper conduct and failure to follow instructions.

**NOTICE OF APPEAL RIGHTS**[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[3]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:       *Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.